CLARK *v.* LAKE AVE. PERMANENT SAVINGS & LOAN ASS'N *et al.*

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

1. NEGOTIABLE INSTRUMENTS—ACCEPTED DRAFT.
    A written instrument, directing the treasurer of a loan association to pay to the order of F. $1,651.50 "for S. loan," signed by the president and secretary, and countersigned, "Correct. F.,"—is an accepted draft, transferable by indorsement and delivery.

2. SAME—ASSOCIATION—BY-LAWS—INDORSEE.
    In an action on such accepted draft it appeared that it was transferred by indorsement by F., who was attorney for defendant association, to S., who was a member thereof, and by the latter to plaintiff, who was in no way connected with the association. *Held,* that plaintiff took the draft free of any conditions contained in defendant's by-laws.

3. SAME—INTEREST.
    Such accepted draft bears interest from the time of delivery, since no time of payment is stated therein.

Appeal from Monroe county court.

Action by Brackett H. Clark against the Lake Avenue Permanent Savings & Loan Association and others on an accepted draft. From a judgment for plaintiff, defendant association appeals. Affirmed.

The action was upon the following instrument:

"THE LAKE AVENUE PERMANENT SAVINGS & LOAN ASSOCIATION.
                                "ROCHESTER, N. Y., Sept. 3, 1890.

"*Mr. F. W. Zollar, Treas.:* Pay to the order of D. C. Feeley, sixteen hundred and fifty-one and fifty hundredths dollars, for William Shay loan, (1,651.50.)                    [Signed]        J. A. ASHTON, Pres't.
                                "J. E. MCKELVEY, Secretary."

[Countersigned] "Correct. D. C. FEELEY."

This instrument was, by indorsement, transferred by Feeley to William Shay, and by Shay to plaintiff, Clark, who took it in good faith.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

D. C. Feeley, for appellant. Myron T. Bly, for respondent.

MACOMBER, J.   We think this was an accepted draft, and transferable by indorsement and delivery to the plaintiff.   It falls exactly within the definition given by Daniel on Negotiable Instruments, (volume 1, p. 38;) for it was the direction to Mr. Zollar, the treasurer of the company, to pay absolutely, and at all events, the sum of $1,651.50, to a third person named therein, (Mr. Feeley,) or to any other person to whom Mr. Feeley might order it to be paid.   It is shown, however, that D. C. Feeley was the attorney of the association, and from this fact it is argued that the instrument was issued conditionally, and subject to the conditions contained in the articles of association of the defendant, of which William Shay was a member.   That provision of the articles of association is as follows: "Every shareholder shall be entitled to a loan of $105 for each share held by him or her, when there is sufficient money in the treasury, and the security offered is satisfactory to the board of directors."   But the plaintiff was not in any way associated with the company, and was not bound by any of its by-laws.   Shay, as a member of the association, had effected the loan by mortgage which had been approved by the society; and this bill of exchange was by him turned out to the plaintiff in part for money loaned to him by the plaintiff, being a balance of the unpaid purchase money for the mortgaged premises.   The instrument was one of those referred to by Tiedman on Commercial Paper, (page 211, § 128,) and may, according to that author, be treated as negotiable, either as an accepted bill or promissory note.   This is the view taken by the courts in the cases of *Bull* v. *Sims*, 23 N. Y. 570, and *Kelley* v. *Mayor, etc.*, 4 Hill, 263, and *Fairchild* v. *Railroad*, 15 N. Y. 337.

It is further urged upon our attention that the instrument does not bear interest.   In this, also, we are constrained to differ from the learned counsel for the defendant.   No time of payment being made, it was due immediately upon delivery, and interest may be reckoned from that time.   *Chester* v. *Jumel*, 125 N. Y. 254, 26 N. E. Rep. 297, and cases there cited.   We think the disposition made of the case by the learned county judge was in all respects correct, and it follows that his judgment must be affirmed.

Judgment of the county court of Monroe county, appealed from, affirmed, with costs.   All concur.